**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**TERRY AUSLEY and LINDA AUSLEY,**
        **Plaintiffs,**

**-vs-**                                                    **Case No.  A-09-CA-660-SS**

**CROSS COUNTY WATER SUPPLY
CORPORATION, BLUE WATER SYSTEMS GP,
LLC, BLUE WATER SYSTEMS, L.P., ROSS
CUMMINGS, PATRICK REILLY, KIT
WORLEY, WAYNE BRINKLEY, SPITZER &
ASSOCIATES, INC., OMAR NASSAR, and
DEBRA MURPHY,**
                    **Defendants.**

_____

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the Joint Motion for Summary Judgment filed by Defendants Cross County Water Supply Corporation, Blue Water Systems, GP, LLC, Blue Water Systems, LP, Wayne Brinkley, Ross Cummings, Patrick Reilly, Spitzer & Associates, Inc., and Kit Worley (collectively, "Defendants") [#36], Plaintiffs Terry and Linda Ausley and Intervenor Mary Louise Ausley (collectively, "Plaintiffs")' response thereto [#37], Defendants' replies [#38] [#40], and Plaintiffs' Motion for a Hearing on the Joint Motion for Summary Judgment [#39]. Having considered the aforementioned documents, the case file as a whole, and the applicable law, the Court enters the following opinion and orders.

**Background**

This case began on April 30, 2009, when Cross County Water Supply Corporation ("Cross County") filed a request for a temporary restraining order and permanent injunction against Terry and Linda Ausley in the 21st Judicial District Court of Burleson County, Texas. *See* Orig. Pet. [contained in #1]. At the time, Cross County was planning a water pipeline project that was to cross the Ausleys' property, and thus Cross County sought the injunction to allow it to enter the property to inspect, conduct surveys and tests, and generally ensure the property could be used for its purposes. *Id.* at 2.

The Ausleys wanted none of this, and they counter-sued with a state law claim of trespass on June 1, 2009. *See* Def.'s Orig. Answer & Counterpet. at ¶¶ 8-11 [contained in #1]. On June 15, 2009, the Ausleys amended their Original Counterpetition to add charges of fraud, conspiracy, and racketeering under 18 U.S.C. § 1964. *See* Def.'s Am. Answer & Counterpet. [contained in #1]. At that time, the Ausleys also added additional third-party defendants, including Ross Cummings, Patrick Reilly, Kit Worley, Wayne Brinkley, Spitzer & Associates, Inc., Omar Nassar, and Debra Murphy. *Id.* On August 6, 2009, the Ausleys amended their Counterpetition yet again, adding the two Blue Water entities as additional third-party defendants for the first time.[1] *See* Def.'s 2nd Am. Answer & Counterpet. [contained in #1]. In their Second Amended Counterpetition, the Ausleys asserted the following claims against the third-party defendants: fraudulent representation and fraudulent non-disclosure; racketeering under 18 U.S.C § 1964; abuse of process; conspiracy; and requests for declaratory judgment. *Id.*

---

[1]Mary Louise Ausley, Terry Ausley's mother and the owner of land adjoining the Ausleys', also filed a Petition in Intervention as part of the Ausleys' claims on August 6, 2009.

Cross County, apparently realizing it had bitten off more than it wished to chew, decided to reroute its water pipeline project to bypass the Ausleys' property, and on September 21, 2009, Cross County filed a motion to dismiss its affirmative claims against the Ausleys. *See* Pl.'s Mot. Dismiss [#6]. The Court granted that motion, and because the Ausleys' counterclaims were thereafter the only claims left pending before the Court, the Court ordered the realignment of the parties on October 19, 2009. *See* Order [#28].

Defendants filed the present Joint Motion for Summary Judgment [#36] on November 25, 2009, claiming Plaintiffs have no evidence Defendants caused them any injury or damages, and requesting judgment as a matter of law. The Court turns to that motion now.

**Analysis**

**I.      Summary Judgment Standard**

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV.

P. 56(c); *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial, and may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256–57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the non-movant's burden. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

## II.     Discussion

The basis for Defendants' motion is their assertion Plaintiffs have pled no actual damages caused by Defendants' allegedly wrongful conduct. Defendants claim the Ausleys seek some $15 million in damages,[2] but that amount is supported only by allegations they have incurred attorney's fees and appraisal costs due to Defendants' conduct. It is true attorney's fees and appraisal fees are the only specific injuries or damages mentioned in the Second Amended Petition, in which the Ausleys claim they "have suffered injury as a result of the misrepresentations in the form of attorney's fees and appraisal fees expended to defend against a purportedly pending condemnation proceeding." *See* Sec. Am. Counterpet. at ¶ 22.

In their response, the Ausleys argue evidence of attorney's fees and appraisal costs incurred are sufficient to support their claims, and set forth the following facts. First, their attorney testifies the Ausleys have incurred some $17,282.00 in attorney's fees and costs associated with this matter to date. *See* Pl.'s Resp. at Ex. J (Affidavit of Jeffrey Burns). The Ausleys also set forth evidence they incurred appraisal fees as a result of "the threat of a pending condemnation suit"; specifically,

---

[2]The Court cannot find a basis for this assertion in the Second Amended Petition, which does not request a specific sum of damages.

they claim they "hired 'Appraisal Services' to perform a competing valuation appraisal of their property which Defendant Cross County...had threatened to take by condemnation." Pl.'s Resp. at ¶ 7. They submit evidence the appraisal was done, and that it cost $7,500. *See, e.g. id.* at Ex. I. It is undisputed Cross County did file suit against the Ausleys on April 30, 2009 requesting an injunction to enter onto their land and perform "topographical, environmental, and geotechnical surveys and related investigation activities on the various properties[.]" *Id.* at ¶ 9. However, all of Cross County's claims were non-suited on July 29, 2009, some three months later. *Id.* at ¶ 10.

Turning to the specific claims in this case, the Court finds the Ausleys do allege some evidence of actual damage or injury caused by Defendants' allegedly wrongful conduct, as is required for each of the claims.[3] For instance, a claim of common law fraudulent misrepresentation requires the plaintiff to establish the representation caused him or her injury. *Formosa Plastics Corp. v. Presidio Eng'rs. & Cont., Inc.*, 960 S.W.2d 41, 47 (Tex. 1998); *Cathey v. Meyer*, 115 S.W.3d 644, 663 (finding the plaintiff had suffered no injury where the project that was the subject of the fraud claim was foreclosed). Likewise, an element of fraudulent non-disclosure is that the plaintiff "suffers injury as a result of acting without knowledge of the undisclosed fact." *Bradford v. Vento*, 48 S.W.3d 749, 754-55 (Tex. 2001). Under 18 U.S.C. § 1964(c), a civil racketeering plaintiff must show direct injury to his or her "business or property" that was proximately caused by the defendant's RICO violation. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 456-57 (2006). To prove an action for abuse of process, the plaintiff must establish he or she suffered injury as a result of the improper use of process. *RRR Farms, Ltd. v. Am. Horse Prot. Ass'n.*, 957 S.W.2d 121,

---

[3]Again, the Ausleys assert the following claims against Defendants: fraudulent representation and fraudulent non-disclosure; racketeering under 18 U.S.C § 1964; abuse of process; and conspiracy. Evidence of injury or damages caused by the wrongful acts alleged are indeed a required element of each of these causes of action.

133 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). Finally, the Texas Supreme Court has stated many times the elements of civil conspiracy include "damages as a proximate result" of the wrongful act committed by the conspiracy. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

As illustrated, the foregoing causes of action all require proof of damages. Defendants claim because neither attorney's fees nor appraisal costs are considered "actual damages" under long-standing Texas law, the Ausleys are missing an essential element of each of the foregoing causes of action. Defs.' Mot. Summ. J. at ¶ 13.

Defendants are correct that, under Texas law, attorney's fees are ordinarily not recoverable as actual damages. In other words, "suits cannot be maintained solely for the attorney's fees; a client must gain something before attorney's fees can be awarded." *MBM Financial Corp. v. Woodlands Op. Co.*, 292 S.W.3d 660, 663 (Tex. 2009); *Melson v. Stemma Explor. & Prod. Co.*, 801 S.W.2d 601 (Tex. App.–Dallas 1990). Under Texas law, attorney's fees are not generally recoverable unless provided by statute or contract. *Melson*, 801 S.W.2d at 603 ("Unless provided by statute or by contract, attorney's fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or a suit upon a contract."); *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 567 (Tex. 2002). Likewise, although the Ausleys have also requested declaratory judgment under the Texas Declaratory Judgment Act, such a request cannot be used to pave the way for attorney's fees not otherwise available. *See Cytogenix, Inc. v. Waldroff*, 213 S.W.3d 479, 490 (Tex.App.–Houston [1st Dist.] 2006) ("A party may not...couple a declaratory plea with a damages action just to recover attorney's fees.").

In their response, Plaintiffs argue attorney's fees are permissible as actual damages for the causes of action they bring. In making this claim, however, they discuss ***only*** their cause of action

for "abuse of process," claiming with respect to it: "compensable damages for special injury to the plaintiff can include recovery for reasonable and necessary expenses for defense of the underlying suit." Pl.'s Resp. at ¶ 1. But not a single case cited by the Ausleys for this proposition concerns a claim for abuse of process—instead, every case cited concerns criminal malicious prosecution, which is an entirely different cause of action from abuse of process under Texas law. *See id.* (citing *Eans v. Grocer Supply Co., Inc.*, 580 S.W.2d 17, 23 (Tex. Civ. App. 1979); *Dahl v. Akin*, 645 S.W.2d 506, 520-21 (Tex.App.–Amarillo1982) (considering a criminal malicious prosecution claim and stating "the reasonable expenses necessarily incurred in defending a malicious prosecution may be recovered as actual damages."); *Mercury v. Mustachia*, 540 S.W.2d 339, 342 (Tex. Civ. App. 1976) (same)).[4] Therefore, although the cited cases *do* hold the jury is entitled to consider the costs and attorneys fees a plaintiff is compelled to incur in defense of the underlying suit when assessing actual damages, *see, e.g. Eans*, 580 S.W.2d at 23, the cases are inapposite to the present situation because they deal with a completely different type of claim.

Instead, an action for abuse of process specfically "requires a showing of a wrongful seizure of property or an actual interference with the person." *RRR Farms, Ltd. v. Am. Horse Prot'n. Ass'n, Inc.*, 957 S.W.2d 121, 134 (Tex.App.-Houston [14th Dist.]1997) (citing *Blackstock v. Tatum*, 396 S.W.2d 463, 467 (Tex.Civ.App.–Houston 1965, no writ)). Therefore, if the Ausleys offer no

---

[4] The distinction is as follows. Abuse of process requires proof of (1) an illegal, improper, or perverted use of the process, neither warranted nor authorized by the process, (2) an ulterior motive or purpose in exercising such use, and (3) damages as a result of the illegal act. *Martinez v. English*, 267 S.W.3d 521, 528 (Tex. App.–Austin 2008). The critical aspect of this tort is the improper use of the process after it has been issued. *Id.* On the other hand, to successfully assert a claim for criminal malicious prosecution, a plaintiff must show "(1) a criminal prosecution was commenced against him; (2) the defendant initiated or procured that prosecution; (3) the prosecution terminated in his favor; (4) he was innocent of the charges; (5) the defendant lacked probable cause to initiate the prosecution; (6) the defendant acted with malice; and (7) he suffered damages." *Id.* at 527-28. The *Eans* court held the jury, in assessing actual damages for malicious prosecution, was entitled to consider the costs and attorneys fees the plaintiff was compelled to incur in defense of the underlying suit. *See Eans*, 580 S.W.2d 17 (Tex. Civ. App. 1979).

evidence of damages stemming from the alleged abuse of process—such as wrongful seizure of their

property or interference with their person—they have produced no evidence of injury sufficient to

support the claim, and it may properly be dismissed on summary judgment.[5]   Because the Ausleys

have alleged only attorneys' fees and appraisal costs as injuries sustained due to Defendants' alleged

abuse of process—neither of which represent a wrongful seizure of property or an interference with

their person—the Court finds summary judgment is appropriate on the abuse of process claim.[6]

However, summary judgment is not appropriate for the other claims asserted by the Ausleys

at this point, as the evidence of appraisal fees paid and incurred by them due to Defendants' allegedly

wrongful conduct is sufficient evidence of damages for those claims.   Out-of-pocket damages are

the difference between what the defrauded party parted with and the value it actually received.  *See*

*Baylor Univ. v. Sonnichsen*, 221 S.W3d 632, 636 (Tex. 2007); *and see Foley v. Parlier*, 68 S.W.3d

---

[5]The same would be true even if the Court analyzed the claim as malicious prosecution claim, which is probably more apt considering the allegations. In the context of a civil malicious prosecution claim (as opposed to criminal), attorney's fees may be awarded as damages ***only*** if the plaintiff first establishes he or she has suffered special damages as a result of the wrongful conduct.  *IBP, Inc. v. Klumpe*, 101 S.W.3d 461, 477-78 (Tex.App.–Amarillo 2001, pet. denied).  "Ordinary losses incident to defending a civil suit, such as inconvenience and attorney's fees, do not qualify as special damages[.]"  *Id.* at 477; *American Bd. of Obstetrics and Gynecology, Inc. v. Yoonessi*, 286 S.W.3d 624, 628-29 (Tex.App.–Dallas 2009) ("Before a claimant may recover for malicious prosecution of a civil action, he must suffer a special injury.  It is not enough to have suffered only the ordinary losses incident to defending a civil suit such as inconvenience, embarrassment, discovery costs, and attorney's fees.").  Where no special damages are shown, a plaintiff's civil malicious prosecution claim may properly be dismissed on summary judgment.  *Kelly v. Gaines*, 181 S.W.3d 394, 418 (Tex.App.–Waco 2005, rev'd on other grounds).

[6]For the record, the claim appears at first glance to have other fatal defects, including the fact an abuse of process claim cannot properly be based on filing a lawsuit, even if the lawsuit was frivolous or malicious.  *Detenbeck v. Koester*, 886 S.W.2d 477, 481 (Tex.App.–Houston [1st Dist.] 1994, no writ). To maintain an abuse of process claim, the plaintiff must allege and prove "a coercive use of the process".  *See RRR Farms, Ltd.*, 957 S.W.2d at 134.  This "means something more than requiring a defendant to answer a lawsuit." *Id.*  Thus, filing a complaint is not an improper or illegal use of the process, nor is merely issuing or procuring process, even if it is accompanied by malicious intent or is without probable cause. *Id.* Maintaining an abuse of process cause of action requires showing an improper use of the process after its issuance. *Id.*

Because Defendants did not move for summary judgment on any ground aside from the damages alleged, the Court does not consider the other elements of the abuse of process claim at length. The Court simply notes that because the claim is based on Defendants' filing a lawsuit against the Ausleys, it seems likely the Ausleys have no evidence (or even allegations) sufficient to show an improper or illegal use of process after it was issued.

870, 884 (Tex.App.–Forth Worth, no pet.) (out-of-pocket damages are "reliance" damages, which are allowed as an alternative remedy for fraudulent inducement). Out-of-pocket damages are recoverable for economic injury incurred as a result of common law fraud or fraudulent misrepresentation. *Foley*, 68 S.W.3d at 884. If, as the Ausleys assert, they incurred appraisal fees in reliance on Defendants' fraudulent representation (or fraudulent non-disclosure), they may well be entitled to out-of-pocket damages for the appraisal costs incurred as a result of Defendants' wrongful conduct. Likewise, a plaintiff bringing a conspiracy claim can recover whatever actual damages are available for the underlying tort. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Finally, although Plaintiffs' RICO claim very likely has other defects (an issue the Court does not now consider), the Court finds the Ausleys have alleged an injury to their "business or property" by alleging the incurrence of appraisal fees.[7] *See* 18 U.S.C. § 1964(c).

Therefore, contrary to Defendants' claims in their motion for summary judgment, the Court finds the Ausleys have alleged sufficient evidence of damages to survive the summary judgment stage with respect to their claims of common law fraud, conspiracy, and racketeering. The Defendants' motion for summary judgment is therefore DENIED on all claims except for the abuse of process claim.

### III.   Warning

Although Defendants' motion for summary judgment is overruled by the Court at this time, the Court hereby expressly warns the Ausleys and their counsel to read and review Federal Rule of

---

[7]The Court notes, however, that any damages the Ausleys intend to recover under RICO must be shown to flow from the commission of the alleged criminal mail fraud in this case, as "[a]ny recoverable damages occurring by reason of a violation of § 1962(c) will flow from the commission of the predicate acts." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). In other words, a RICO plaintiff is required to show the alleged racketeering activity was both the "but for" and proximate cause of the injury to his business or property. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992).

Civil Procedure 11 before continuing with this lawsuit. Rule 11 provides that when the attorney signs pleadings in this case, he must, under the law, be certifying to the best of his knowledge, information, and belief formed after an inquiry reasonable under the circumstances that the pleadings are not being presented for any improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation; that the claims and legal contentions are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law; and that the allegations of factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. FED. R. CIV. P. 11(b). Penalties for a violation of these rules include "an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c).

The Ausleys and their counsel are warned the RICO claim asserted in this case—as well as all the others—must be warranted by existing law and have evidentiary support or they will be subject to sanctions by this Court pursuant to Rule 11. By way of background, RICO allows a civil cause of action to recover treble damages for any person injured in his business or property by reason of a violation of § 1962, RICO's criminal prohibitions.[8] 18 U.S.C. § 1964(c). Congress passed RICO in an effort to combat organized, long-term criminal activity. *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 472 (7th Cir. 2007). Therefore, although § 1964(c) provides a private civil action

---

[8]Pertinent to this case is § 1962(c), which makes it "unlawful for any person employed by or associated with" an enterprise engaged in or affecting interstate or foreign commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). The term "racketeering activity" is defined to include a host of so-called predicate acts, including "any act which is indictable under...section 1341 (relating to mail fraud)," which is the predicate act alleged in the Ausleys' petition. The Ausleys allege Defendants "repeatedly used the United States mail in furtherance of their fraudulent schemes." Sec. Am. Counterpet. at ¶ 24.

to recover treble damages for violations of RICO's substantive provisions, *Sedima*, 473 U.S. at 481, "the statute was never intended to allow plaintiffs to turn garden-variety state law fraud claims into federal RICO actions." *Jennings*, 495 F.3d at 472. To plead a RICO claim under § 1962, the plaintiffs must allege (1) the conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. *See Old Time Enter. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989).

The Ausleys and their counsel are directed to consider the foregoing law and their allegations in this case, and think carefully about whether their claims in this case have or will likely have evidentiary support. The Court notes Defendants have introduced the affidavit of Patrick Reilly, the President of Cross County, who testifies Cross County is a non-profit corporation organized and operating under Chapter 67 of the Texas Water Code. Section 49.221(a) of the Water Code provides:

> The directors, engineers, attorneys, agents, operators, and employees of a district or water supply corporation may go on any land to inspect, make surveys, or perform tests to determine the condition, value, and usability of the property, with reference to the proposed location of works, improvements, plants, facilities, equipment, or appliances. The cost of restoration shall be borne by the district or the water supply corporation.

A water supply corporation is also given the power, in certain circumstances, to "acquire by condemnation any land, easements, or other property." TEX. WATER CODE § 49.222(a). A "water supply corporation" is defined in § 49.001 of the Code as "a nonprofit water supply or sewer corporation ***created or operating under Chapter 67***." *Id.* § 49.001(5) (emphasis added).

The Ausleys contend in their response that at the time of the incidents in question, Cross County did not have any legal right to condemn the Ausleys' property; thus, the communications indicating it had eminent domain powers were wholly fraudulent. Pl.'s Resp. at ¶ 6. But if—as

Reilly testifies—Cross County is (and was) a non-profit corporation organized and operating under Chapter 67 of the Texas Water Code, it may well have had the legal right to go on the Ausleys' land to inspect, make surveys, or perform tests, and ultimately to acquire it by condemnation. Whether Cross County did indeed have this power at the time in question should be a fairly straightforward issue, which can be ascertained during discovery. The Court has no idea whether it did or not. The Court simply warns the Ausleys and their counsel they should be very sure, before proceeding further with their lawsuit, that they have evidence or are likely to have evidence to back up their allegations Cross County did not have the legal right to condemn their property (or did not acquire this right by filing an appropriate lawsuit, such as the one filed in this case), less the lawsuit be revealed as an action brought to harass or cause unnecessary delay, or one wholly without evidentiary support or legal authority.

**Conclusion**

In accordance with the foregoing,

IT IS ORDERED that the Joint Motion for Summary Judgment filed by Defendants Cross County Water Supply Corporation, Blue Water Systems, GP, LLC, Blue Water Systems, LP, Wayne Brinkley, Ross Cummings, Patrick Reilly, Spitzer & Associates, Inc, and Kit Worley [#36] is GRANTED in part, on the abuse of process claim, and DENIED as to the other claims, subject to further review.

IT IS FURTHER ORDERED that the Plaintiffs Terry and Linda Ausleys' request for an oral hearing [#39] is DENIED. The Ausleys' cite no reason for their request, and the Court can identify no issues in the motion before it which require oral argument.

SIGNED this the 28th day of December 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE