UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TERRY AUSLEY, LINDA AUSLEY, and MARY LOUISE AUSLEY, Plaintiffs | § § § § |
| v. | § § |
| CROSS COUNTY WATER SUPPLY CORPORATION, BLUE WATER SYSTEMS, L.P., BLUE WATER SYSTEMS GP, LLC, ROSS M. CUMMINGS, PATRICK M. REILLY, KIT WORLEY, WAYNE BRINKLEY, SPITZER & ASSOCIATES, INC., OMAR NASSAR, and DEBRA MURPHY, Defendants. | § § § § § § § § § § § CIVIL ACTION NO. 1:09-CV660 |

### DEFENDANT CROSS COUNTY'S RESPONSE
### TO AUSLEY PLAINTIFFS AMENDED MOTION TO COMPEL

COMES NOW Cross Country Water Supply Corporation ("Cross County"), Defendant in the above-styled action, and files this response to Plaintiffs' Amended Motion to Compel (Docket #54), showing the Court as follows:

### SUMMARY

Plaintiffs are seeking overly broad and unduly burdensome discovery on matters irrelevant to, and not reasonably calculated to lead to the discovery of admissible evidence on, the remaining claims and defenses. Although there were previously other claims and defenses in the case, most of those issues became irrelevant when Cross County dismissed its claims. Therefore, while Cross County has and is willing to comply with discovery on the remaining claims and defenses, Cross County is not willing to comply with all 17 of Plaintiffs broad, burdensome and irrelevant discovery requests. Because Cross County timely objected and has

provided and/or supplemented the requested information that is within the scope of discovery, Cross County requests that Plaintiffs Amended Motion to Compel be denied.

## BACKGROUND

Plaintiffs initially served discovery requests in the state court proceeding of this matter before the case was removed to this Court. In those discovery requests, Plaintiffs sought information and documents that, although overly broad and unduly burdensome, in large part were potentially relevant to matters that were pending at the time. Specifically, the requests were related to Cross County's Original Petition and Request for Injunction and Request for Temporary Injunction. PL. ORIG. PET. AND REQ. FOR INJUNCTION (Docket #1-2), Exhibit A to Notice of Removal, pgs. 1-7. Cross County timely served its objections to Plaintiffs' requests and, as the Court is well aware, all of Cross County's claims have been dismissed, with the only remaining claims being Plaintiffs' counterclaims for fraud, racketeering and conspiracy.

Now, Plaintiffs have simply reasserted their vague motion to compel that was originally filed, and based on discovery served, before Defendants dismissed their claims.[1] As is apparent from the brief amended motion to compel that simply states the general nature of their claims without providing any support for their requests, Plaintiffs have made no effort to limit their broad discovery requests to "matters that are relevant to any party's claims or defenses," as required under the Rules. FED. R. CIV. PROC. 26(b)(1).

## ARGUMENT AND AUTHORITIES

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" or "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. PROC. 26 (b)(1). Although the discovery rules are accorded broad

---

[1] Plaintiffs' first Motion to Compel was filed on August 4, 2009, in the state court proceeding. *See* PL. MOTION TO COMP. (Docket #1-3), Exhibit A to Notice of Removal, pgs. 1-5. Cross County filed its Notice of Non-suit without Prejudice on September 4, 2009. NOT. OF NONSUIT WITHOUT PREJ. OF PL. CLAIMS FOR REL. (Docket #1-3), Exhibit A to Notice of Removal, pgs. 38-39.

treatment to affect their purpose, they do have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380 (1978). "Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* "Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken... unless the information sought is otherwise relevant to issues in the case." *Id.*

Additionally, although Rule 37 allows the Court to compel the production of documents upon motion by the party seeking discovery, "[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Export Worldwide, Ltd. v. Knight,* 241 F.R.D. 259, 263 (W.D.Tex. 2006). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Plaintiffs' Amended Motion to Compel fails to provide any reasoning or explanation on why each of the 17 requests are relevant and/or will lead to the discovery of admissible evidence. The motion should be denied for that reason. Despite the fact that the burden has not yet shifted to Cross County, the following argument demonstrates why Plaintiffs' requests are not within the scope of discovery and why Cross County has adequately responded to such requests.

1. **PLAINTIFFS' CLAIMS**

While there are several different claims alleged, all of Plaintiffs' claims are essentially for alleged acts of fraud and/or fraud by non-disclosure relating to allegations that Cross County threatened to condemn Plaintiffs' property when Cross County allegedly did not have the power to condemn Plaintiffs' property. *See* PL. SEC. AMEND. COUNTER PET. (Docket #1-2), Exhibit A to Notice of Removal, pg. 38-40. Plaintiffs' remaining causes of action, the racketeering claims

and conspiracy claims, are essentially based on the same underlying fraud allegations, but they have simply alleged that the fraudulent acts were done through the U.S. Mail to assert the racketeering claims and alleged that the actions were done in collusion with various parties to assert a conspiracy claim. *Id.* The case and the scope of discovery should therefore be limited to those fraud allegations.

The fact that the case is now so limited appears not to be in dispute. In fact, Plaintiffs themselves recognize the limited scope of this case in their motion, stating:

> [This] cause is a suit as to the validity of Cross County Water Supply Corporation as a quasi-governmental entity and whether it has specified powers as provided under the Texas Water Code. PL. AMEND. MOT. TO COMPEL. (Docket #54), pg. 2.

Additionally, Plaintiffs admitted as much to the Court at the October 14, 2009 hearing, when counsel for Plaintiffs stated that there's nothing wrong with "real estate people buying up an easement to transfer," but in this case Plaintiffs' believed that defendants wrongful acts were "going out and threatening the people with condemnation, which they're without authority to do." TRANS. OF HEARING ON ALL PENDING MATTERS, October 14, 2009, (Docket # 35) pgs. 5-6.

While it is clear that the remaining claims and defenses in this suit are limited, Plaintiffs' requests are not so limited. Cross County therefore asserts that discovery in this matter should appropriately be limited to the remaining claims and/or defenses in accordance with the Federal Rules of Civil Procedure. Because Cross County will produce and/or has produced documents and information relevant to these few remaining issues, and has justifiably objected and will continue to object to Plaintiffs attempts to drive up litigation costs by seeking overly broad and irrelevant information, Cross County requests that Plaintiffs Amended Motion to Compel be denied.

**2.    PLAINTIFFS' REQUESTS**

The following is a more detailed discussion on the objectionable nature of Plaintiffs' requests and Cross County's adequate responses to such requests.

### A. Requests to which Cross County has agreed to respond (1, 2, 3, 5, 14 & 17).

Cross County has agreed to produce documents relating to the following requests in their supplemental responses to requests for production (a copy of which is attached hereto as <u>Exhibit A</u>) and/or such documents are already in Plaintiffs possession.

**Request for Production 1.** While Cross County still maintains that the request is overly broad and that the request for individuals "financial stake in salary to the Cross County Water Supply Corporation" is not relevant or reasonably calculated to lead to the discovery of admissible evidence, Cross County has agreed to produce and/or has produced documents identifying current and former officers, directors, shareholders, members, and/or employees of Cross County, including agendas, resolutions, minutes, by-laws and certificates of formation.

**Request for Production 2.** Cross County does not believe such documents exist.

**Request for Production 3.** Although Cross County does not have "customers," Cross County has agreed to produce documents identifying entities that have reserved capacity.

**Request for Production 5.** Cross County has agreed to produce and/or has produced corporate resolutions relating to this request.

**Request for Production 14.** Cross County has agreed to produce and/or has produced documents responsive to this request.

**Request for Production 17.** Cross County has not yet determined which exhibits will be offered at trial. Cross County has provided a list of potential exhibits in its Designation of Potential Witnesses, Testifying Experts and Proposed Exhibit List (Docket #56) and will supplement as the information becomes available and in accordance with the Scheduling Order (Docket #34), which specifies the time for production of exhibit lists.

### B. Objectionable and Irrelevant Requests to which Cross County does not agree to respond.

**Request for Production 4.**

4. Produce any and all documents, surveys and/or reports showing the entire location of the proposed water pipeline that is proposed to traverse Defendants Terry and Linda Ausley's property.

This request seeks information relating to the pipeline that is no longer seeking to traverse Plaintiffs' property. Accordingly, this request has no relevance to the remaining fraud claims.

**Requests for Production 6 & 7.**

6. All documents pertaining to or relating to the valuation of acreage of Real Property in Burleson County within the last 36 months prior to the date of this discovery request, including without limitation copies of reports, surveys (including topographical, environmental and geotechnical surveys), leases, deeds, easement agreements, right of way agreements or any memoranda of the reports, surveys (including topographical, environmental and geotechnical surveys), leases, deeds, easement agreements or right of way agreements with recording information where applicable.

7. Produce all documents pertaining to or relating to offers made by Plaintiff within the last 36 months prior to the date of this discovery for the acquisition of real estate in Burleson County, whether in the form of an easements, leases, right of ways and/or fee simple. This request includes, but is not limited to, e-mail or other correspondence reflecting the terms that the Plaintiff was willing or authorized to offer landowners as of a given date.

10. Produce all correspondence, letters sent to all landowners who Cross County Water Supply has contacted in pursuit of its proposed water line project, including, but limited to, all documents referencing condemnation of land and/or eminent domain.

These requests seek information and correspondence relating to real property valuations and/or offers to purchase interests in property within Burleson County and/or to other land owners. While potentially relevant to an eminent domain proceeding, these issues have no relevance to the remaining fraud claims.

Furthermore, with respect to the requested information as limited to Plaintiffs and their land, such information has been produced and/or is already in Plaintiffs' possession.

**Requests for Production 8 & 9.**

> 8. Produce all documents that reflect that Cross County Water Supply Corporation will suffer irreparable harm if it is not able to perform the surveys, tests and inspections required by this project on Defendants Terry and Linda Ausley's property.
>
> 9. Produce all documents which reflect that that inability of Cross County Water Supply Corporation to perform the surveys, tests and inspections required by this project on Defendant Terry and Linda Ausley's property will render construction of the proposed water line an impossibility.

These requests seek information relating to Cross County's original request for an injunction, which has been dismissed. In particular they ask for documents that show Cross County "will suffer irreparable harm" if they cannot survey Plaintiffs land and why the inability to survey the land will "render construction of the proposed water line an impossibility." Because they do not relate to the remaining fraud allegations or Cross County's power under the Water Code, they are overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

Additionally, these requests are clearly overbroad as they do not describe with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. Proc. 34(b)(1)(A).

**Requests for Production 11, 12 & 13.**

> 11. Produce copies of all contracts and agreements between Cross County Water Supply Corporation and third parties, including municipalities and any other end-line user of water to which Cross County Water Supply Corporation will provide water.
>
> 12. Produce copies of correspondences in negotiations with municipalities, third parties, and end-line users to which Cross County Water Supply Corporation has communicated for providing water services.
>
> 13. Produce copies of all correspondence, contracts, and agreements of owner of lease-hold water rights with which Cross County Water Supply Corporation has entered negotiations or agreements for the source of its supply of water.

These requests seek information relating to Cross County's communications and contracts with third parties, which have no bearing on Cross County's ability to institute

condemnation proceedings or the threat to institute such proceedings against Plaintiffs. Because they do not relate to the remaining fraud allegations or Cross County's power under the Water Code, they are overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**Requests for Production 15 & 16.**

15. All diaries, notes, memoranda, journals, or calendars, including electronic diaries, notes, memoranda, journals, or calendars, or other written logs ==that constitute or contain matters relevant to the subject matters of this lawsuit.==

16. All letters and correspondence, including electronic writings (for example, e-mail), ==that constitute or contain matters relevant to the subject matters of this lawsuit.==

These requests essentially ask for any items that "constitute or contain matters relevant to the subject matters of this lawsuit." This request is clearly overbroad as it does not describe with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. Proc. 34(b)(1)(A).

### Conclusion and Prayer

In accordance with the Federal Rules of Civil Procedure, Cross County requests that the scope of discovery be appropriately limited to the remaining claims and defenses. Cross County further requests that the Court deny Plaintiffs' amended motion to compel because Cross County has agreed to produce and has produced the requested information that is within the scope of discovery. Cross County further requests that sanctions and/or costs not be imposed on Cross County because of their good faith belief that Plaintiffs' requests were objectionable and/or outside the scope of discovery. Cross County further requests any further relief, at law or in equity, to which Cross County may be justly entitled.

Respectfully submitted,

HOWRYBREEN, L.L.P.

_/s/ Randy Howry_

_____
Randy Howry
State Bar No. 10121690
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 FAX
rhowry@howrybreen.com

**ATTORNEYS FOR CROSS COUNTY SUPPLY CORPORATION, ROSS M. CUMMINGS, PATRICK M. REILLY, KIT WORLEY, WAYNE BRINKLEY, SPITZER & ASSOCIATES, and OMAR NASSAR**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 12th day of March, 2010. Any other counsel of record will be served by facsimile transmission and/or first class mail.

Randy Howry