**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **TERRY AUSLEY, LINDA AUSLEY, and** § <br> **MARY LOUISE AUSLEY, Plaintiffs** § <br> § <br> **v.** § <br> § <br> **CROSS COUNTY WATER SUPPLY** § <br> **CORPORATION, BLUE WATER** § <br> **SYSTEMS, L.P., BLUE WATER SYSTEMS** § <br> **GP, LLC, ROSS M. CUMMINGS, PATRICK** § <br> **M. REILLY, KIT WORLEY, WAYNE** § <br> **BRINKLEY, SPITZER & ASSOCIATES,** § <br> **INC., and OMAR NASSAR, Defendants.** § | **CIVIL ACTION NO. A09CA660SS** |

**DEFENDANTS' JOINT REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS'
(SECOND) JOINT MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE SAM SPARKS:

**I. INTRODUCTION**

1.  As discussed in Defendants' Joint Motion for Summary Judgment [Document No. 59] ("Motion"), the Plaintiffs' remaining claims are all based on the fundamental premise that Cross County Water Supply Corporation ("CCWSC") committed "fraud," "racketeering," and "conspiracy" by representing to the Ausleys that CCWSC possessed condemnation authority when — according to the Ausleys — it did not.

2.  In their Response to the Defendants' Motion, the Ausleys raise a number of issues that are either irrelevant or involve political questions appropriate for the legislature, not the courts.[1] Stripped of the irrelevant issues, the Ausleys' argument in response boils down to one salient point: the Ausleys claim that a water supply corporation must have a Certificate of Convenience and Necessity ("CCN") from the Texas Commission on Environmental Quality ("TCEQ") in order to

---

[1] Those issues are addressed in summary fashion in section III.C., below.

have condemnation authority. A plain reading of the relevant statute — TEXAS WATER CODE § 49.222 — shows that a CCN is not required to exercise condemnation authority.

3. Additionally, the Defendants moved for summary judgment based on the lack of sufficient evidence and pleadings to support the Ausleys' outlandish fraud and racketeering claims. The Ausleys' Response essentially ignores all of these additional grounds for summary judgment. The Ausleys have not come forward with *any evidence* to support their claims that CCWSC and the other Defendants engaged in fraud, racketeering and conspiracy, nor did the Ausleys even attempt to amend their pleadings to meet the heightened pleading standards required by FED. R. CIV. P. 9(b) when fraud allegations are made.

## II. SUMMARY JUDGMENT EVIDENCE

4. Defendants incorporate the following attachments: **Exhibit A** - Affidavit of Patrick Reilly and **Exhibit B** - Affidavit of Tammy Benter.

## III. ARGUMENT

**A. A CCN is not required to exercise the condemnation authority provided in Water Code § 49.222.**

5. The Ausleys claim that a water supply corporation must hold a CCN as a condition precedent for condemnation authority under TEXAS WATER CODE § 49.222. Response at 4-7. The Ausleys are reading a requirement into TEXAS WATER CODE § 49.222 that simply does not exist. The complete text of § 49.222(a) reads as follows:

> A district or water supply corporation may acquire by condemnation any land, easements, or other property inside or outside the district boundaries, or the boundaries of the certificated service area for a water supply corporation, necessary for water, sanitary sewer, storm drainage, or flood drainage or control purposes or for any other of its projects or purposes, and may elect to condemn either the fee simple title or a lesser property interest.

TEXAS WATER CODE § 49.222(a). The plain language of the statute speaks for itself. Nowhere does § 49.222 say that a water supply corporation must obtain a CCN to exercise condemnation authority.

Nor has the legislature established a CCN requirement as a prerequisite for eminent domain in any other section of Water Code Chapter 49 — or anywhere else for that matter.

6.  The Ausleys have not cited any statutory language or cases that support their novel theory that a CCN is a prerequisite to condemnation authority. In fact, the cases that have considered the issue hold otherwise. This precise issue was addressed in the context of a power provider in *Baird v. Sam Houston Electric Cooperative, Inc.*, 627 S.W.2d 734 (Tex. App.–Houston [1st Dist.] 1981, writ dism'd), *disapproved on other grounds*, *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 640 (Tex. 2001). In *Baird*, a condemnee landowner argued that the condemnor electric cooperative lacked authority to condemn because it failed to obtain a CCN from the Public Utility Commission of Texas ("PUC").[2] *Id.* at 735-736. The court rejected the claim that a CCN is required to condemn, instead holding that: "Where the legislature has not placed any limiting restrictions on the powers granted by a statute, a court may not impose a condition on the exercise of such powers." *Id.* at 736-737.

7.  *Baird* followed the Fifth Circuit's decision in *Robinson v. Transcontinental Gas Pipe Line Corp.*, 421 F.2d 1397, 1398 (5th Cir. 1970), *cert. denied* 398 U.S. 905 (1970). *Robinson* dealt with a federally-issued CCN, but stands for the same basic proposition — a CCN is not required to exercise eminent domain authority under a condemnation statute that does not expressly require it. *Id.*[3]

8.  Because § 49.222 does not expressly require a WSC to obtain a CCN to use its condemnation authority, the Ausleys attempt to write that requirement into the statute by

---

[2] Defendants note that at the time the *Baird* case was decided, the PUC was the state agency charged with regulation of water and wastewater, and is a predecessor agency of the TCEQ for those program areas.

[3] *See also Southern Natural Gas Co. v. Poland*, 384 So.2d 528, 530-531 (La. App. 2d Cir. 1980) (applying the same holding from *Robinson*), writ denied, 386 So.2d 363 (La. 1980), appeal after remand, 406 So.2d 657 (La. App. 2d Cir. 1981), writ denied, 412 So.2d 86 (La. 1982), cert. denied, *Sutton v. Southern Natural Gas Co.*, 459 U.S. 833 (1982).

implication. The Ausleys point to language in § 49.222(a) using the term "certificated service area" and then leap to the conclusion that, "the statute contemplates that a non-profit water supply corporation must have a 'certificated service area' in effect before it may condemn property and the taking must be 'necessary'[4]." Response at 6.

9.   The Ausleys' argument is meritless. First and foremost, the statute simply does not require a CCN. It does not even use the term "Certificate of Convenience and Necessity." If the legislature wanted to require a CCN,[5] it could have done so easily.[6] As *Baird* and *Robinson* make clear, the fact that the legislature did not explicitly require a CCN is dispositive because the court cannot write a CCN requirement into the statute. *Baird,* 627 S.W.2d at 736-737; *Robinson*, 421 F.2d at 1398.

10.   Second, the language in § 49.222(a) cited by the Ausleys — referring to condemnation of "property inside or outside the district boundaries, or the boundaries of the certificated service area for a water supply corporation" — does not support the Ausleys' argument — it undermines it. The "inside or outside the boundaries" language makes it clear that legislature

---

[4] The Ausleys' reference to whether a condemnation is "necessary" is unclear. As the Defendants have made abundantly clear, the CCWSC pipeline has been re-routed to avoid the Ausleys' property and that question is now moot. *See* **Exhibit A** - Affidavit of Patrick M. Reilly, at ¶ 6 and Exhibit 5. To the extent the Ausleys question whether CCWSC ever made such a determination before re-routing the pipeline, it did. *See* **Exhibit A** at ¶¶ 3 and 4 and Exhibits 1, 2, and 3. As the Courts have made clear, such a determination of necessity is almost absolute. *See, e.g., Coastal Industrial Water Authority v. Celanese Corp. of America*, 592 S.W.2d 597, 600 (Tex. 1979); *Coastal Sates Gas Producing Co. v. Pate*, 309 S.W.2d 828, 831 (Tex. 1958); *West v. Whitehead*, 238 S.W. 976, 978 (Tex. Civ. App.—San Antonio 1922, writ ref'd). Further, Cross County WSC's formation documents show that providing a water supply to various entities that need it, typically accomplished using a pipeline, was specifically contemplated at Cross County WSC's inception. *See* Affidavit of Patrick M. Reilly [Document No. 59-1], at Exhibit 1 and 2.

[5] The legislature has shown that it knows how to explicitly require a CCN as a statutory prerequisite. In Texas Water Code § 13.242 (entitled "Certificate Required") the legislature explicitly required that: "[A] water supply . . . corporation may not in any way render retail water . . . utility service directly or indirectly to the public without first having obtained from the commission a certificate that the present or future public convenience and necessity will require that installation, operation, or extension..." TEX. WATER CODE § 13.242(a).

[6] For instance, consistent with the structure and text of Water Code § 49.222 and Water Code § 13.242, the legislature could have easily added a CCN requirement to § 49.222 by stating: "(d) A water supply corporation may not use the power of eminent domain for condemnation of land without having first obtained a certificate of public convenience and necessity from the commission in accordance with § 13.241 of the Texas Water Code."

did not want a retail water provider's exclusive service territory to be an impediment to its condemnation authority. Thus, while a water district or WSC's authority to provide *retail* water service could be limited to a specific territory, its *condemnation* authority is broader because it is not limited to its retail service boundaries. The policy reason behind that legislative provision is both obvious in general terms and apparent in this case. Water supplies are not always found where the water supplies are needed. Thus, even retail water service providers are specifically authorized to go "outside" of their service territory boundaries to obtain water supplies by pipeline or otherwise to bring back to the area of need.[7] The cited language underscores the breadth of condemnation authority under § 49.222, not a limitation.

11.    Third, the Ausleys' fixation on CCNs fundamentally misunderstands the legal requirements for a CCN and the distinction between retail and wholesale water service. CCWSC is a wholesale water supply corporation. As Tammy Benter, the Manager of the TCEQ's Utilities and Districts Section of the Water Supply Division makes clear, "TCEQ rules do not require wholesale water supply corporations to possess a water CCN to provide wholesale water supply or services to wholesale customers. The TCEQ uses such certificates to regulate retail water utility services, not wholesale water supply or services." **Exhibit B** - Affidavit of Tammy Benter at ¶ 6.  Thus, CCWSC is not required to possess a CCN to provide wholesale water supply or services.

12.    Fourth, the TCEQ has no regulatory approval process regarding the condemnation authority of a water supply corporation or other water providers.  As Ms. Benter's affidavit makes clear, "there is no certificate or regulatory approval process administered by TCEQ with the specific purpose of establishing eminent domain authority for a water supply corporation or any other type of water provider. The TCEQ rules do not set forth any such process. Whether a Texas water

---

[7] *See* Affidavit of Patrick M. Reilly at ¶ 7 [Document 59-1].

*Defendants' Reply to Response to Joint Motion for Summary Judgment*                                                                                       *Page 5*

provider has eminent domain authority is governed by statute." **Exhibit B** at ¶ 4. Thus, TCEQ does not establish the requirements for condemnation for CCWSC or any other water provider in Texas. That authority is found in TEXAS WATER CODE § 49.222.

**B.     WSCs are not divested of their statutory condemnation authority for projects providing a public benefit simply because private interests may benefit as well.**

13.     In the Defendants' Motion, an entire section with extensive citations to case law was devoted to responding to the Ausleys' shrill claims that "overriding private financial interests" will benefit from the CCWSC water supply pipeline. Motion at 6-8. Two unassailable facts are clear from the Ausleys' Response.

14.     First, the Ausleys simply ignored all of the cases cited by the Defendants. Rather than repeat what has already been said, the Defendants point the Court to the discussion in the Defendants' Motion at 6-8, with the note that numerous Texas cases dating back almost a century have found that the existence of a private benefit does not deprive a project of its public character. *West v. Whitehead*, 238 S.W. 976, 978 (Tex.Civ.App.– San Antonio 1922, writ ref'd)("The mere fact that the advantage of the use inures to a particular individual or enterprise, or group thereof, will not deprive it of its public character."); *Coastal Sates Gas Producing Co. v. Pate*, 309 S.W.2d 828, 833 (Tex. 1958) (holding that a condemning oil and gas lessee "may make a profit out of the venture, but this in itself does not make the use private rather than public").

15.     Second, the Ausleys make no effort to dispute that CCWSC's 53 mile water supply pipeline will be an immense benefit to the citizens of eastern Travis and Williamson Counties. To give the Court some sense of the widespread area that will directly benefit from CCWSC's water supply pipeline, the Affidavit of CCWSC President Patrick Reilly provides a map showing the retail water utility service areas for the retail public utilities served by CCWSC's water supply pipeline. Those entities include City of Manor, Manville Water Supply Corporation, SouthWest Water

Company, the City of Pflugerville, and the City of Lexington. Additionally, the map shows the retail water utility service areas for Wilbarger Creek MUD No. 1, Wilbarger Creek MUD No. 2, Travis County MUD No. 1, and Cottonwood Creek MUD No. 1. SouthWest Water Company provides water on a wholesale basis to those municipal utility districts ("MUDs") for use within their respective retail service areas. SouthWest Water Company plans to use water supply obtained from Cross County WSC's pipeline on a wholesale basis in its provision of wholesale water to those MUDs. *See* **Exhibit A** at Exhibit 5. Thus, the uncontroverted — and incontrovertible — evidence before the court plainly demonstrates the public use and benefit derived from CCWSC's 53 mile water supply pipeline.

C.     **The Ausleys' other arguments are irrelevant.**

16.     As noted at the outset, the Ausleys' Response raises a number of different arguments that are irrelevant to determining CCWSC's condemnation authority. Those arguments will be addressed in summary fashion.

17.     The Ausleys complain that the legislative grant of condemnation authority to water supply corporations duly formed under Chapter 67 is absurd in application because of the "very low threshhold" needed to form a WSC.[8] Response at 3-4. In other words, the Ausleys do not claim that Cross County WSC failed to follow proper formation procedures; they complain instead that a WSC should not be able to obtain condemnation authority because it is too easy to form a WSC. However, both the WSC formation process and the grant of condemnation authority were specifically declared by the legislature. This case is not the appropriate forum for complaints that the legislature has enacted "absurd" statutory provisions. That is a political issue and not a legal determination for the court.

---

[8] TEXAS WATER CODE, Chapter 49 clearly defines a "water supply corporation" for purposes of that chapter as a "nonprofit water supply or sewer service corporation *created* or operating under Chapter 67". TEX. WATER CODE § 49.001(5) (emphasis added).

*Defendants' Reply to Response to Joint Motion for Summary Judgment*                                                                 Page 7

18.    In any event, the Ausleys' example of "absurdity" — that the Ausleys can form a WSC to condemn an easement across the Defendants' backyard — is a classic strawman. The "only" difference between CCWSC's pipeline and the Ausleys' proposal is that the Ausleys' example does not transport water even 53 feet (let alone 53 miles) from an area of supply to an area of need, contains no demonstration of public use or benefit, and its only apparent purpose would be spite.

19.    The Plaintiffs also spend two pages discussing the fact that CCWSC's certification as a Regional Provider of Water Service is not the certification contemplated under Texas Water Code § 49.222 and does not confer condemnation authority. Plaintiffs' Response, at 7-9. The Defendants never made that claim in their Motion. Plaintiffs even obtained an affidavit from TCEQ's Doug Holcomb to support their irrelevant theory. As Mr. Holcomb states in his affidavit, TCEQ does not issue a certificate or conduct any other approval process that specifically confers condemnation authority on any type of water supply provider. *Id.* Condemnation authority is conferred pursuant to statute, not by a TCEQ rule or procedure.

20.    The Plaintiffs also conflate the procedural requirements for proper exercise of condemnation authority with the issue of whether Cross County WSC possessed such authority under TEXAS WATER CODE § 49.222. Plaintiffs' Response, at 9-11. The *Whittington* case the Plaintiffs cite is distinguishable from this case because it involves an actual condemnation by the City of Austin where the City missed a step in the formal procedural prerequisites for condemnation found in TEXAS PROPERTY CODE, Chapter 21. *Whittington v. City of Austin*, 174 S.W.3d 889, 896-899 (Tex. App.–Austin 2005, pet. denied). Here, those issues never arose because Cross County WSC never filed a condemnation petition.[9] The sole issue here is whether Cross County WSC could

---

[9] The only legal action taken by CCWSC was a suit seeking entry upon the Ausleys' property seeking an injunction to investigate the suitability of the Ausley property for the proposed pipeline route. That action was plainly authorized by Texas Water Code § 49.221 and has not been challenged by the Ausleys.

*Defendants' Reply to Response to Joint Motion for Summary Judgment*                                                      *Page 8*

have initiated that process, not whether CCWSC complied with all of the procedural requirements necessary to complete a condemnation proceeding.

21. The Ausleys also argue that CCWSC cannot obtain its condemnation authority by assignment or delegation. Response at 9-11. Again, CCWSC never made any such argument. CCWSC's condemnation authority is *not* the result of an assignment or delegation from any of the governmental authorities served by CCWSC. CCWSC's condemnation authority is the result of the legislative grant found in Texas Water Code § 49.222. The discussion of the retail public utilities in Travis and Williamson Counties served by CCWSC — City of Manor, SouthWest Water Company, Manville Water Supply Corporation and the City of Pflugerville — was to underscore the widespread public benefits resulting from the water supply pipeline.

**D.   The Ausleys failed to support their fraud and racketeering claims with the required pleadings and produced no evidence to support those claims.**

22. The Defendants moved for summary judgment based on lack of sufficient evidence and pleadings to support the Plaintiffs' fraud and racketeering claims. Motion at 10-11. The Ausleys' Response ignores those grounds and fails to provide *any evidentiary support* for their claims. In its prior summary judgment ruling, the court specifically warned the Plaintiffs and their counsel to carefully analyze whether their claims "have or will likely have evidentiary support." Order, at 9-12 [Document No. 41]. In particular, the court warned about Plaintiffs' RICO claims. *Id.* The Defendants' Motion challenged the Plaintiffs' claims on both legal and evidentiary grounds, but the Plaintiffs have not responded with any supporting evidence. The Plaintiffs merely reiterate the baseless allegations they started with. Consequently, the Plaintiffs have failed to meet their burden necessary to survive summary judgment under Fed. R. Civ. P. 56(e). *Whelan v. Winchester Production Co.*, 319 F.3d 225, 229-230 (5th Cir. 2003) (affirming summary judgment dismissal of a RICO claim on Fed. R. Civ. P. 56(e) grounds for failure to meet certain required

elements for which plaintiffs offered only conclusory allegations and no evidence that revealed a triable fact issue).

23.     Further, the Ausleys have not even come close to meeting their heightened pleading burden in this case.  Plaintiffs should have been aware of the heightened pleading standards for claims like fraud and RICO from the start.  However, no amendment will resolve the Plaintiffs' failure to put forth a single cognizable legal theory to support their claims against any Defendant.  Therefore, Plaintiffs' entire suit should be dismissed with prejudice as a matter of law.

### III. PRAYER

Defendants Cross County Water Supply Corporation, Ross M. Cummings, Patrick M. Reilly, Kit Worley, Wayne Brinkley, Spitzer & Associates, Inc., Omar Nassar, Blue Water Systems, L.P. and Blue Water Systems GP, LLC respectfully request that the Court grant this Motion for Summary Judgment, enter final judgment that Plaintiffs Terry Ausley, Linda Ausley and Mary Louise Ausley take nothing in their suit against the Defendants.  Defendants respectfully request the Court order the Plaintiffs to pay the Defendants' reasonable attorney's fees and costs, charge all taxable costs of court against Plaintiffs, and award the Defendants all other relief to which they are entitled at law or in equity.

**Respectfully submitted,**

**THE TERRILL FIRM, P.C.**

By: /s/ Paul M. Terrill
    Paul M. Terrill III
    State Bar No. 00785094
    Geoffrey P. Kirshbaum
    State Bar No. 24029665
    810 West 10th Street
    Austin, Texas  78701
    Tel:  (512) 474-9100
    Fax:  (512) 474-9888

**ATTORNEY FOR BLUE WATER SYSTEMS, L.P. AND BLUE WATER SYSTEMS GP, LLC**

By: /s/ Randy Howry
    Randy Howry
    HowryBreen, L.L.P.
    1900 Pearl Street
    Austin, TX 78705
    Tel: (512) 474-7300
    Fax: (512) 474-8557

**ATTORNEY FOR CROSS COUNTY WSC, ROSS M. CUMMINGS, PATRICK M. REILLY, KIT WORLEY, WAYNE BRINKLEY. SPITZER & ASSOCIATES, INC., AND OMAR NASSAR**

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 7, 2010, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Bill Youngkin
Ty Clevenger
Jeffrey Burns
YOUNGKIN & ASSOCIATES
P.O. Box 4806
Bryan, Texas 77805
Fax: (979) 268-3037

**ATTORNEYS FOR TERRY AUSLEY, LINDA AUSLEY AND MARY LOUISE AUSLEY**

                /s/ Paul M. Terrill
                Paul M. Terrill